*Mary A Schott*

_____
Mary A. Schott
Clerk of Court

Entered on Docket
October 02, 2019

NVB 105-3 (Effective 1/17)

Attorney ____Thomas E. Crowe, Esq.____
Nevada Bar # ___3048_____
Firm Name ____Thomas E. Crowe, Professi____
Address _____2830 S. Jones Blvd., Suite 3___
City, State, Zip _Las Vegas, NV 89146_____
Phone Number _(702)794-0373_____
Email Address _tcrowe@thomascrowelaw.com_
Pro-se Debtor _____

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

* * * * * *

| | |
|---|---|
| In re: | )   BK-S-19-11214-MKN |
| CYNTHIA EQUELS | ) |
| | )   CHAPTER 13 |
| | ) |
| | )   **ORDER ON EX PARTE MOTION FOR** |
| | )   **REFERRAL TO MORTGAGE** |
| | )   **MODIFICATION MEDIATION** |
| | )   **PROGRAM** |
| Debtor(s). | ) |

     This matter came before the Court upon the Debtor's Ex Parte Motion for Referral to Mortgage Modification Mediation Program ("Ex Parte Motion") filed on October 1, 2019_____.

It is **ORDERED** as follows:

- 1 -

1.  The Ex Parte Motion is granted. The non-moving party may seek reconsideration of this Order by filing a written motion within fourteen (14) days after entry of the Order.  If a timely motion for reconsideration is filed, the party seeking reconsideration must promptly schedule a hearing.  In the event a motion for reconsideration is timely filed, all deadlines set forth in this Order shall be suspended pending resolution of the motion, but all other provisions shall remain in effect;

2.  The Debtor and Lender are required to participate in Mortgage Modification Mediation ("MMM") Program in good faith and may be subject to possible sanctions by the Court for violation of this requirement.;

3.  The MMM Program proceedings in this case shall be completed no later than 150 days from the date of this Order, unless agreed to by the parties and the Mediator on the Mortgage Modification Mediation Portal ("MMM Portal") or extended by an order of the Court;

4.  All communications and information exchanged during MMM are privileged and confidential and shall be inadmissible in any subsequent proceeding as provided by Rule 408 of the Federal Rules of Evidence, except in circumstances of a motion for failure to participate in good faith under the MMM Program and procedures and/or subsequent mediation negotiation under this Chapter and/or the State of Nevada Foreclosure Mediation Program;

5.  Unless otherwise permitted by the Court or agreed by the parties and the Mediator, all communication between the parties shall be sent exclusively through the MMM Portal. Any litigated matters incidental to the mediation shall be considered as separate matters and not subject to the MMM Portal communication requirement;

6. Within seven (7) days after entry of this Order, the Lender and, if applicable, Lender's counsel shall register with the MMM Portal, unless already registered, and provide to the MMM Portal vendor any forms or documents which Lender may require to initiate a review under the MMM Program procedures. The MMM Portal vendor shall post any such forms or documents to the Lender's profile on the MMM Portal. If the Lender fails to timely register on the MMM Portal, the Debtor may file a motion with the Court seeking sanctions against the Lender for failure to register;

7. Lender's counsel or representative shall have the authority (within the investor's guidelines) to settle and will attend and continuously participate in all MMM conferences in this case;

8. Debtor shall, within seven (7) days after entry of this Order, remit to the MMM Portal vendor the required non-refundable MMM Portal submission fee, and upload to the MMM Portal the following:

    a. Debtor's Prepared Package (prepared using the Document Preparation Software); and

    b. a copy of this Order.

9. Debtor shall, within seven (7) days after entry of this Order, identify the assigned Mediator on the MMM Portal;

10. Within fourteen (14) days after Lender provides the MMM Portal vendor with its list of required mortgage modification documents and information, Debtor shall provide Debtor's Completed Package to Lender through the MMM Portal;

11. The Lender shall, within seven (7) days after Debtor submits Debtor's Completed Package on the MMM Portal, acknowledge receipt of Debtor's Completed Package

on the MMM Portal and designate its single point of contact and outside legal counsel (if any);

12. The Lender shall, within twenty-one (21) days after receiving Debtor's Completed Package on the MMM Portal, determine whether any additional documents or information is required to complete Lender's review of Debtor's mortgage modification options.

    a. Any request for additional documents or information must be made by Lender through the MMM Portal within the twenty-one (21) day period set forth above.

    b. If no request for additional documents or information is made by Lender within twenty-one (21) days, Debtor's Completed Package will be deemed perfected.

13. Lender shall timely review and underwrite the loan modification request, and indicate on the MMM Portal that it has completed a review of Debtor's Completed Package;

14. Lender shall indicate its final decision on the MMM Portal;

15. If the Lender transfers the loan, the Lender or Debtor shall promptly update the MMM Portal to identify the new holder of the loan ("Successor Lender") The Successor Lender shall:

    a. Be obligated to comply with all terms of the Order, as well as the requirements of Local Rule 3001(b);

    b. Within seven (7) days of the transfer, acknowledge that it is the new holder of the loan on the MMM Portal; and

c. Within twenty-one (21) days of the transfer, communicate to Debtor and the Mediator on the MMM Portal whether any additional documents or information are necessary to perfect Debtor's Completed Package.

16. SELECTION OF MEDIATOR:

a. The eligible Mediator identified in the Ex Parte Motion for Referral to Mortgage Modification Mediation Program is hereby assigned as the Mediator in this case;

b. Any objection to the assignment of this Mediator must be made on the MMM Portal. The parties shall communicate and attempt to agree on a successor Mediator within fourteen (14) days after identification of the assigned Mediator on the MMM Portal. If the parties agree on a successor Mediator, the objecting party shall file with the Court a Stipulation Assigning Successor Mediator and concurrently lodge with the Court an Order approving the Stipulation. Once the Stipulated Order is entered, Debtor shall promptly update the MMM Portal to identify the successor Mediator of the case.

c. In the event the parties cannot agree on a successor Mediator, within fourteen (14) days after identification of the assigned Mediator on the MMM Portal the objecting party must file with the Court an Objection to Selection of Mortgage Modification Mediation Program Mediator and set the matter for hearing pursuant to Local Rule 9014. After notice and a hearing the Court shall select the Mediator. Once a Mediator is assigned, Debtor shall promptly update the MMM Portal to identify the Mediator of the case.

d. If the objecting party fails to file with the Court and notice for hearing an Objection to Selection of Mortgage Modification Mediation Program Mediator

within fourteen (14) days after identification of the assigned Mediator on the MMM Portal, the Mediator assigned under paragraph 16(a) of this Order shall remain assigned to the case.

17. The Mediator shall be:

    a. governed by the subject to the Model Standards of Conduct for Mediators as adopted by the American Arbitration Association, American Bar Association, and Association of Conflict Resolution;

    b. compensated in the amount required pursuant to the MMM Procedures for preparation for MMM, execution of required documents, facilitation of document and information exchange between the parties, and participation in two one-hour MMM conferences;

    c. compensated for any MMM conferences beyond the initial two one-hour sessions at such rate as may be agreed to in writing by the parties and the Mediator;

18. The Mediator's fee shall be paid equally by the parties as follows:

    a. The Debtor shall pay the non-refundable fee pursuant to the MMM Procedures directly to the Mediator within seven (7) days after receiving initial contact and payments instructions from the Mediator;

    b. The Lender shall pay the non-refundable fee pursuant to the MMM Procedures directly to the Mediator within seven (7) days after receiving initial contact and payments instructions from the Mediator; and

    c. The Mediator's fee for MMM conferences that extend beyond the initial two one-hour conferences shall be paid equally by the parties, with payment made

prior to the beginning of each successive MMM conference in accordance with the MMM Program procedures.

19. The Mediator shall, within seven (7) days after being identified as the assigned Mediator on the MMM Portal:

    a. Log into the MMM Portal and confirm their assignment as the Mediator in the case;

    b. Provide the parties with contact information and instructions on how to pay the Mediator's fee; and

    c. Use the MMM Portal to facilitate any additional exchange of information or documentation between Debtor and Lender in an effort to perfect the documents needed for Lender to complete its analysis of Debtor's mortgage modification mitigation options;

20. If the Mediator fails to timely register or log in to the MMM Portal to begin facilitating the MMM process, any party to the mediation may file a motion requesting that the Mediator be removed from this case and, if applicable, be removed from the Clerk's Register of Mediators;

21. MEDIATION CONFERENCE:

    a. The Mediator shall schedule the initial MMM conference to take place within ninety (90) days after entry of this Order. The initial MMM conference may be scheduled as soon as the Mediator determines that Lender has completed its review of Debtor's Completed Package as required by Paragraph 13 of this Order;

    b. The Mediator may communicate with the parties in whichever manner the parties and Mediator agree;

    c.  After consultation with the parties, the Mediator shall fix a reasonable time and place for the MMM conferences;

    d.  The Mediator shall give the parties at least 7 days' notice on the MMM Portal of the date, time, and place for the MMM conferences;

    e.  The Mediator shall report the scheduling of any and all MMM conferences through the MMM Portal;

    f.  The initial MMM conference shall not exceed one hour unless otherwise agreed by the parties and the Mediator;

22. In the event the parties are unable to reach an agreement and require an additional MMM conference, the Mediator shall schedule a final MMM conference to be held no later than thirty days after the conclusion of the initial MMM conference. The final MMM conference shall not exceed one hour in duration unless otherwise agreed by the parties and the Mediator;

23. In the event the parties reach a trial loan modification agreement:

    a.  Within seven (7) days after the parties reach such an agreement the Mediator shall upload to the MMM Portal and file with the Court an Interim Report of Mortgage Modification Mediation Program Mediator.

    b.  Within seven (7) days after the Mediator files the Interim Report with the Court:

        i.  Debtor shall file an Ex Parte Motion to Approve Trial Loan Modification Agreement.

        ii.  Debtor shall lodge with the Court an Order Approving Trial Loan Modification Agreement. The Court may grant such relief on an *ex parte* basis.

iii. Once entered by the Court, Debtor shall serve a copy of the Order on all Required Parties and the Chapter 13 Trustee, and file a certificate of service evidencing these parties were properly served.

c. The Mediator and all Required Parties shall monitor the trial loan modification and manage the mediation until a final loan modification has been executed or Lender has denied a final loan modification. Access to the MMM Portal shall remain open during the pendency of a trial loan modification.

24. In the even the parties reach a final loan modification agreement:

a. Within seven (7) days after the parties reach such an agreement the Mediator shall upload to the MMM Portal and file with the Court a Final Report of Mortgage Modification Mediation Program Mediator.

b. Within fourteen (14) days after the Mediator files the Final Report with the Court:

i. Debtor shall file a Motion to Approve Final Loan Modification Agreement. If Debtor is represented by an attorney, this Motion may be filed *ex parte* and Debtor shall concurrently lodge with the Court an Order Approving Final Loan Modification Agreement, which the Court shall grant on an *ex parte* basis. If Debtor is not represented by an attorney, this Motion must be noticed, served, and set for a hearing pursuant to Local Rule 9014 using a Notice of Hearing on Self-Represented Debtor's Motion to Approve Final Loan Modification Agreement.

ii. Once an Order Approving Final Loan Modification Agreement is entered by the Court, either *ex parte* or after notice and hearing, Debtor shall

serve a copy of the Order on all Required Parties and the Chapter 13 Trustee, and file a certificate of service demonstrating these parties were appropriately served.

    c.  Within twenty-eight (28) days after the final loan modification is approved by the Court, Debtor shall file, serve, and notice for confirmation an Amended Chapter 13 Plan or Modified Chapter 13 Plan providing for conduit loan modification payments pursuant to Section III(A) of the MMM Program Procedures, if the Chapter 13 Plan does not already contain such provisions.

25. If the parties fail to reach an agreement at the conclusion of the MMM conferences:

    a.  Within seven (7) days after the conclusion of the MMM conferences the Mediator shall upload to the MMM Portal and file with the Court a Final Report of Mortgage Modification Mediation Program Mediator.

    b.  Within twenty-eight (28) days after the Mediator files the Final Report with the Court, Debtor shall file, serve, and notice for confirmation an Amended Chapter 13 Plan or Modified Chapter 13 Plan providing for appropriate treatment of Lender's claim.

26. The automatic stay is modified to the extent necessary to facilitate MMM pursuant to this Order;

27. Any of the deadlines imposed by this Order may be extended by order of the Court or by written agreement of the parties and Mediator on the MMM Portal;

28. If any parties or their counsel fails to comply timely and in full with the terms of this Order, the Court may impose appropriate sanctions after notice and a hearing;

29. The Debtor shall immediately serve a copy of this Order on all parties to the mediation, including the Mediator and the Chapter 13 Trustee.  Debtor shall file a Certificate of Service with the Court evidencing these parties were properly served.  Service shall be by regular U.S. Mail, electronic service, or email, if the party's email address is known;

30. If Lender did not provide Debtor with written consent to entry of this Order, Debtor shall:

    a. Serve a copy of the Order on all Required Parties, including the assigned Mediator and the Chapter 13 Trustee;

    b. Include a copy of the Court's MMM Procedures as **Exhibit A**;

    c. Include a copy of the Objection to Selection of Mortgage Modification Mediation Program Mediator (NVB 105-4) as **Exhibit B**; and

    d. File a Certificate of Service with the Court evidencing these parties were properly served with the Order.

31. If this Chapter 13 case is dismissed, converted, or otherwise removed from the District of Nevada prior to Debtor's completion of the MMM Program, the MMM proceedings in the case will immediately terminate and the parties will be relieved of the requirements of the MMM Program procedures;

**IT IS SO ORDERED.**

Submitted by:

/s/ THOMAS E. CROWE, ESQ.                          Dated: October 1, 2019
Attorney for Debtor(s) or Pro Se Debtor

###